UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE P.,<br><br>                    Plaintiff,<br><br>       v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>                    Defendant. | CASE NO. C18-5899-RAJ-MAT<br><br>REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further administrative proceedings.

/ / /

/ / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1963.[1]  She has some college education, and previously worked as a data entry clerk, receptionist, and secretary.  (AR 39, 55.)

Plaintiff filed an application for DIB in November 2015, alleging disability beginning February 28, 2008.  (AR 152-55.)  Her applications were denied at the initial level and on reconsideration, and she timely requested a hearing.  (AR 83-85, 91-99.)

On July 14, 2017, ALJ Marilyn Mauer held a hearing, taking testimony from Plaintiff and a vocational expert (VE).  (AR 39-69.)  On November 24, 2017, the ALJ issued a decision finding Plaintiff not disabled.  (AR 15-26.)  The Appeals Council denied Plaintiff's request for review on October 10, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.  Plaintiff now seeks judicial review of that decision.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found that Plaintiff worked between her alleged onset date and date last insured (DLI) of September 30, 2013, but the work activity did not rise to the level of substantial gainful activity.  (AR 17-18.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found that through the DLI, Plaintiff's multiple sclerosis and optic neuritis were severe.  (AR 18-20.)  Step three asks

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 2

whether a claimant's impairments meet or equal a listed impairment. The ALJ found that through the DLI, Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 20.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found that through the DLI, Plaintiff was able to perform light work as defined in 20 C.F.R. § 404.1567(b), with additional limitations: she could lift 20 pounds occasionally and 10 pounds frequently. She could stand and walk two hours in an eight-hour workday, and sit for at least six hours in an eight-hour workday. She could occasionally climb ladders, ropes, or scaffolds. She could occasionally stoop, crouch, crawl, and kneel. She could perform tasks that do not require frequent visual accommodation. She could work in a setting with no more than occasional exposure to hazards, but could not be exposed to extremely hot temperatures. (AR 20.) With that assessment, the ALJ found that through the DLI, Plaintiff could perform her past work as a data entry clerk, receptionist, and secretary. (AR 23-24.)

The ALJ also proceeded in the alternative to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found that through the DLI, Plaintiff was capable of performing other jobs, such as final assembler, touch-up screener, wafer breaker, and semiconductor bonder. (AR 24-25.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in failing to account for all of her visual limitations in the RFC assessment, and in failing to provide any reasons to discount her allegations of fatigue. Plaintiff also argues that the ALJ erred in discounting her husband's lay statement. She asks that the ALJ's decision be reversed and her claim remanded for an award of benefits or, in the alternative, for further proceedings. The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Fatigue & visual limitations</u>

Plaintiff argues that the ALJ erred in failing to account for all of her allegations in the RFC assessment. An RFC must include all of the claimant's functional limitations supported by the record. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). According to Plaintiff, the ALJ erred in failing to provide any reason to discount her allegations of fatigue and a need to rest her eyes after using a computer for 15 minutes. For the following reasons, the Court agrees.

The ALJ acknowledged that Plaintiff alleged that her fatigue, among other symptoms, prevents her from working. (AR 21.) The ALJ cited post-DLI evidence showing that Plaintiff was able to "adequately manage her fatigue symptoms" through medication and naps. (AR 22 (citing AR 716, 735).) This evidence does not pertain to the adjudicated period, however, and it is unclear how the RFC assessment could be consistent with Plaintiff's recommended daytime naps. Thus, the Court finds that the ALJ failed to provide a convincing reason to discount

Plaintiff's fatigue allegations.

The ALJ also acknowledged that Plaintiff testified that she cannot work on a computer longer than 15 minutes without resting, and that switching between looking at or away from a screen causes her to experience blurry vision. (AR 21 (referencing AR 52-53).) The ALJ cited evidence showing that after her initial diagnosis of optic neuritis in 2008, she experienced improvement of her vision with treatment. (AR 22 (citing AR 496, 644).) The evidence cited by the ALJ indicates that even after Plaintiff's improvement with treatment, she still reported reduced visual acuity in her left eye, which suggests that Plaintiff's visual limitations were not entirely resolved by treatment. (AR 496, 644.)

The ALJ also cited multiple treatment notes indicating that Plaintiff had no problems with her eyes, but all of the references to Plaintiff's normal eyes are contained in notes pertaining to treatment for other conditions rather than her optic neuritis, during appointments where Plaintiff's vision was not tested. (AR 22 (citing AR 364, 433, 438, 443, 448, 460, 467, 480, 502, 512).) In fact, some of the treatment notes cited by the ALJ document in other sections that Plaintiff did complain of vision problems. (*See* AR 438, 443, 447-48, 467, 480, 511-12.) Thus, to the extent that the ALJ intended that this citation to medical evidence constitute a reason to discount Plaintiff's allegation of vision problems, this evidence does not provide a convincing reason to discount Plaintiff's allegation of vision limitations because it does not suggest that Plaintiff had normal vision.

The ALJ purported to account for Plaintiff's optic neuritis by limiting Plaintiff to work that does not require frequent visual accommodation (AR 22), but this limitation does not address Plaintiff's alleged need to rest her eyes after working on a computer for 15 minutes. Although the Commissioner contends that the ALJ "questioned" the veracity of Plaintiff's testimony on this

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 5

issue, her brief does not cite any evidence that supports that assertion. Dkt. 9 at 2-3. Because the ALJ's decision does not account for that limitation or provide any reason to discount it, the ALJ erred in assessing Plaintiff's RFC.

Although the Court finds error in the ALJ's decision, this error should not be remedied by a remand for a finding of disability, in light of the conflicts between the medical opinion evidence and Plaintiff's testimony. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (indicating that a court should consider whether there are inconsistencies between the medical evidence and the claimant's testimony when determining the proper remedy for an erroneous ALJ decision). On remand, the ALJ should reconsider Plaintiff's allegations and either credit her alleged limitations or provide legally sufficient reasons to discount them, specifically her allegations of limitations caused by fatigue and optic neuritis. The ALJ should also reconsider Plaintiff's husband's statement, as the Commissioner concedes that some of the ALJ's reasoning with respect to that statement was erroneous. Dkt. 9 at 7-8.

CONCLUSION

For the reasons set forth above, the Court recommends that this matter should be REVERSED and REMANDED for further administrative proceedings.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14)** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be

ready for consideration by the District Judge on **July 5, 2019**.

DATED this 14th day of June, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 7